**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

          Plaintiff,

v.

Lorraine Riddiough,

          Defendant.

Case No.: 2:15-cr-0018-APG-VCF
             2:18-cr-0121-APG-VCF
             2:18-cr-0122-APG-VCF
             2:18-cr-0123-APG-VCF

**ORDER DENYING EMERGENCY
MOTION TO AMEND JUDGMENT TO
ALLOW SELF-SURRENDER**

[ECF No. 249]

Defendant Lorraine Riddiough pleaded guilty to various wire fraud crimes. On February 21, 2019, I sentenced her to 33 months in prison and allowed her to self-surrender within 90 days. *See* Case No. 2:15-cr-00018, ECF No. 205. Ms. Riddiough properly surrendered in May 2019 and began serving her time. While her case was on appeal, it was discovered that I inadvertently added a one-month consecutive sentence under 18 U.S.C. § 3147, which I had agreed did not apply. On remand, I resentenced Ms. Riddiough to 33 months in prison and remanded her to the custody of the United States Marshal for transfer back to prison. ECF No. 248. Ms. Riddiough has now filed an emergency motion to amend her judgment to allow her to self-surrender and thereby be released from custody under 18 U.S.C. § 3143(a)(1). ECF No. 249. She bases this request on the present Covid-19 virus pandemic and the fact she is 71 years old and has underlying health issues. The United States opposes.

The parties dispute whether § 3143(a)(1) applies because I have already imposed her sentence and Ms. Riddiough is now in the custody of the Marshal awaiting transport back to prison. Because I have sentenced Ms. Riddiough and remanded her to custody, I have no

authority to grant her release under § 3143(a). *See United States v. Nkanga,* No. 18-CR-713 (JMF), 2020 WL 1529535 at *3 (S.D.N.Y. Mar. 31, 2020)*, reconsideration denied,* No. 18-CR-713 (JMF), 2020 WL 1695417 (S.D.N.Y. Apr. 7, 2020).  Ms. Riddiough has been in custody since late May 2019.  The fact she was transported here for resentencing does not alter the fact that her sentence has been imposed and she remains in custody pending transport back to her designated prison.

In her reply, Ms. Riddiough asks for the alternative relief of release under 18 U.S.C. §§ 3582 or 3622.  Section 3582(c)(1)(A) allows me to reduce her term of imprisonment.  The present circumstances do not warrant a reduction of her sentence.  As I stated at both the original sentencing and the resentencing hearings, Ms. Riddiough's crimes harmed many people.  And even after being placed on pretrial release, she continued to engage in health-care fraud.  The 33 month sentence is appropriate, and the present circumstances in Nevada do not justify reducing her term of imprisonment.

Section 3622 allows the Bureau of Prisons to release a prisoner for up to 30 days "to visit a designated place" for any of a specified list of reasons.  Mr. Riddiough seeks relief under the catch-all provision that allows for temporary release "for the purpose of engaging in any other significant activity consistent with the public interest." 18 U.S.C. § 3622(a)(6).  But I do not have the authority to grant relief under this statute, given that its plain language is directed at the Bureau of Prisons. *United States v. Underwood*, No. CR TDC-18-0201-1, 2020 WL 1529160, at *3 (D. Md. Mar. 31, 2020) ("the issuance of a furlough to a federal prisoner is a decision reserved to the Bureau of Prisons, not the Court"); *United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020) ("the decision of whether to grant . . . a furlough under Section 3622 is committed to sole discretion of the BOP") (collecting cases).

No doubt, the present national health crisis presents a risk to all incarcerated people.  It also presents a risk to citizens who are not incarcerated.  Ms. Riddiough has two factors that arguably place her at increased risk of complications from the virus: her age and asthma.  But the Nevada Southern Detention Center (NSDC) has no reported cases of Covid-19 and is taking steps to avoid introducing the virus into the facility.  And there is no evidence that if detainees become infected, NSDC cannot isolate and treat those detainees, either internally or with outside help.  Of course, this is no guarantee that the NSDC will remain virus-free.  But there is no guarantee that Ms. Riddiough will remain virus-free if she is released.

Releasing her even temporarily creates a danger to the community through increased risk of infection.  It would necessitate greater interaction with probation officers to set up and continue her monitoring.  Release requires her to be transported, which would expose her and the Deputy Marshals to greater risk of infection.  If Ms. Riddiough is already infected, she could spread the virus to her husband and home visitors, and then down the line to people who interact with them.

I THEREFORE DENY Ms. Riddiough's motion (ECF No. 249) without prejudice.  If the circumstances change significantly, she may file a new motion, if she can point to a statute authorizing me to grant her relief.  Or she may petition the warden at the prison she is assigned to for furlough or compassionate release.

Dated:  April 16, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE